IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE
HONORABLE ROBERT B. KUGLER

M.G., et al,                                :
                                            :
        Plaintiff(s),              :       Civil No. 08-4019(RBK)
                                            :
v.                                          :
                                            :
EASTERN REGIONAL HIGH SCHOOL                :
DISTRICT,                                   :
                                            :
        Defendant(s).              :

## O P I N I O N

Plaintiff's counsel brought suit seeking to compel defendant pay counsel fees pursuant to the Rehabilitation Act of 1973, 29 U.S.C. §701 et seq. After finding the application grossly excessive, the court denied plaintiff's Motion for Summary Judgment, granted no fees, and dismissed the case.

Plaintiff appealed. The United States Court of Appeals for the Third Circuit "largely agree[d] with [the] assessment of the fee petition," writing:

> "We agree that the fee petition submitted by Epstein was seriously deficient. As the District Court thoroughly explained, the quality of Epstein's representation in this case was woeful. Furthermore, the hours Epstein billed were not only excessive, but also grossly negligent or fraudulent."

Nevertheless, the Court of Appeals also found that this court erred in not holding a hearing on the applicable market rate and in not considering work performance in 2007, at 2008 rates. Accordingly, that court remanded the matter. But the Court of Appeals also noted:

> "We do not suggest that a different result is necessarily required on remand. The Rehabilitation Act's fee - shifting provision entitles a prevailing party's attorney to a reasonable fee, not a windfall. Considered together, the inaccuracies and exaggerations that plague Epstein's fee request seem consistent with the District Court's finding that the submission constituted an improper attempt to maximize his fee award, as opposed to a good-faith representation of his billing rate and the hours he reasonably expended obtaining relief for M.G. If, after following the proper procedures, the court remains convinced that Epstein's hourly rate and hours billed are outrageously excessive, it retains the discretion to award whatever fee it deems appropriate, including no fee at all."

After numerous failed attempts, this court conducted the required hearing. Mr. Epstein was represented by Francis J. Hartman, Esq. Defendant was represented by Anthony Padovani, Esq. The court heard testimony from Mr. Epstein, Stacey J. Greenwald, Esq. and Mr. Padovani (called as a witness by Mr. Epstein). It was a freewheeling affair. At times Mr. Epstein represented himself despite the presence of able counsel in Mr. Hartman. Mr. Epstein at one point asked the court to reopen the issue as to the number of hours claimed, despite the limited remand from the Court of Appeals.

After testimony finally concluded, the court invited briefs from counsel. The parties also conducted settlement negotiations, resulting in a partial settlement as outlined in a letter to the court from Mr. Hartman:

> " ... The Parties Stipulated that plaintiff's counsel is entitled to be paid for 100 hours of services to his client M.G. Plaintiff's counsel has agreed to waive all costs for representing M.G., and for expert fees, co-counsel fees and his own fees for the proceedings before Your Honor as a result of the remand. Defense counsel has authorized me to advise Your Honor that the defendant takes no position with regards to Plaintiff's counsel's hourly rate request. The Defendant has agreed with Plaintiff's counsel upon a high and low payment figure of the amount to be paid based on the hourly rate you determine multiplied by the agreed hours. Plaintiff's counsel has agreed with the Defendant to a period of time within which, after receipt of Your Honor's decision, he is to be paid."

Thereafter Mr. Hartman filed "Plaintiff's Summation." Defense counsel didn't respond. Unfortunately, that was not the end of it. For Mr. Epstein then sent a series of irrelevant requests and purported supplemental briefs without leave (or request) of the court. Thankfully, Mr. Epstein seems to have finally stopped.

Turning to the task at hand, the only issue to be decided is the appropriate hourly rate. The court obviously takes no position on the number of hours expended as the parties have settled that question.

The party seeking counsel fees has the burden of producing sufficient evidence of what constitutes a reasonable market rate for the character and complexity of the legal services rendered in order to make out a prima-facie case. Jama v. Esmor Correctional Services, Inc., 577 F.3d 169, 180 (3d Cir. 2009). Once the moving party has carried this burden, defendant may contest that prima-facie case only with appropriate record evidence. Id.

Here, Mr. Epstein claims the appropriate hourly rate is $400. The evidence he relies on includes the retainer agreement with M.G., other retainer agreements for other clients, his bills, a New Jersey Law Journal Billing Rate Survey, and, most significantly, the affidavit and testimony of Stacey Greenwald, Esq. She testified as to the appropriateness of $400, compared it to the $375 others (including herself) charge and explained the difference comes from the contingent nature of Mr. Epstein's billing in these types of cases (which is apparently unusual) as well as his experience in education.

Defendant presented no affidavits, testimony or evidence as to the prevailing rate in these types of cases. Thus $400 per hour would normally seem appropriate. However, an award of the full amount requested would unduly reward Mr. Epstein for his repeated failures as noted both by this court and the Court of Appeals. Those problems continued into this hearing. Even though

the issue of the number of hours expended has been settled, the court notes Mr. Epstein's attempt post-remand to present a different (admittedly reduced) claim as to the hours with no real explanation as to why or what changed.  Then there are the supplemental submissions done without leave of court.  Other courts continue to note his lack of familiarity with the court rules.  See H.A. v. Camden City Bd. of Ed., Civ. No. 10-cv-0733(JBS) (DNJ).

Accordingly, so as to not reward Mr. Epstein for his actions, the court will award him in this case, the hourly rate of $250.  An Order will enter.


 s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated:  January 31, 2012